# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| Aviva Sports, Inc., <br> a Minnesota Corporation <br><br> Plaintiff, <br><br> v. <br><br> Fingerhut Direct Marketing, Inc. <br> a Delaware Corporation, <br><br> Menard, Inc., <br> a Wisconsin Corporation <br><br> Kmart Corporation, <br> a Michigan Corporation, <br><br> Wal-Mart Stores, Inc., <br> a Delaware Corporation <br> (d/b/a Wal-Mart and Sam's Club) <br><br> Manley Toys, Ltd., <br> a Hong Kong, China Corporation, <br> (d/b/a Manley Toys and ToyQuest) <br><br> Defendants. | CIVIL FILE NO. 09 CV 1091 JNE XXX <br><br><br> COMPLAINT <br> (Jury Trial Demanded) |

COMES NOW the Plaintiff, and for its complaint against Defendants, states and alleges as follows:

## THE PARTIES

1.  Plaintiff, Aviva Sports, Inc., ("Aviva") is a Minnesota corporation having its principal place of business at 4059 State Road A, Montreal, Missouri 65591.

2.  Upon information and belief, Defendant Fingerhut Direct Marketing, Inc., ("Fingerhut") is a Delaware corporation having its principal place of business at 6509 Flying Cloud Drive, Eden Prairie, Minnesota 55344.



3. Upon information and belief, Defendant Menard, Inc., ("Menards") is a Wisconsin corporation having its principal place of business at 5101 Menard Drive, Eau Claire, Wisconsin 54703.

4. Upon information and belief, Defendant Kmart Corporation ("Kmart") is a Michigan corporation having its principal place of business at 3333 Beverly Road, Hoffman Estates, Illinois, 60179.

5. Upon information and belief, Defendant Wal-Mart Stores, Inc., ("Wal-Mart") is a Delaware corporation, having its principal place of business at 702 SW 8th Street, Bentonville, Arkansas 72716-8611.

6. Upon information and belief, Sam's Club is a division of Wal-Mart having its principal place of business at 702 SW 8th Street, Bentonville, Arkansas 72716-8611.

7. Upon information and belief, Defendant Manley Toys, Ltd. ("Manley Toys"), is a corporation organized under the laws of Hong Kong, China, and has corporate offices at 2228 Barry Ave., Los Angeles, California and at 8/F, Hong Kong Spinners Ind Bldg, 818 Cheung Sha Wan Road, Kln, Hong Kong, China.

8. Upon information and belief, ToyQuest is a division of Manley Toys having its principal place of business at 2228 Barry Ave., Los Angeles, California 90064.

## JURISDICTION

9. This action arises under the acts of Congress relating to patents, 35 U.S.C. § 1, *et seq.*, as hereinafter more fully appears.

10. This Court has subject matter jurisdiction over Plaintiff's patent infringement lawsuit under 28 U.S.C. §§ 1331 and 1338(a).

11. This Court has subject matter jurisdiction over Plaintiff's Lanham Act claim under 15 U.S.C. § 1121.

12. This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367.

13. Each Defendant, through its business of providing for sale, selling, and / or marketing infringing water slides in Minnesota, has established continuous, systematic, and sufficient contacts in this district such that each Defendant is subject to personal jurisdiction here. Defendants are, therefore, deemed to reside in this district. Fingerhut is also deemed to reside in this district because its principal place of business is in Minnesota.

## BACKGROUND

### A. The '264 Patent and Ownership

14. In November 2001, Donald Gordon filed a patent application for a novel outdoor toy product. His invention is an inflatable slide that incorporates a water-emitting device.

15. Also in November 2001, Donald Gordon assigned his interest in his invention to Aviva Sports, L.L.C.

16. On May 6, 2003, United States Patent No. 6,558,264 ("the '264 patent,") was duly and legally issued to Aviva Sports, L.L.C. for Donald Gordon's inflatable water slide invention. (Exhibit A.)

17. On February 17, 2007, Shoremaster, Inc. ("Shoremaster") acquired Aviva Sports, L.L.C. and created Aviva.

18. On January 20, 2009, Shoremaster assigned its interest in the '264 patent to Aviva.

19. Aviva sells products covered by the claims of the '264 patent. Aviva marks its products with the '264 patent number.

### B. Manley Toys and ToyQuest

20. Manley Toys is a Hong Kong company who has sold its toy products in the United States, including in this district, for many years. According to Manley Toys, it was the seventh largest toy manufacturer in the United States in 2006. (Exhibit B.)

21. Upon information and belief, Manley Toys currently sells its products, in the United States through its ToyQuest division. (Exhibit C.)

22. Manley Toys currently sells its inflatable water slides under the BANZAI brand name.

23. ToyQuest's website (www.toyquest.com) identifies Mr. Brian Dubinsky as ToyQuest's president.

24. According to its website, ToyQuest's corporate offices are at 2228 Barry Ave., Los Angeles, California and 8/F, Hong Kong Spinners Ind Bldg, 818 Cheung Sha Wan Road, Kln, Hong Kong, China. (Exhibit D.)

25. On information and belief, Manley Toys has sold its products through a variety of business entities including: SLB Toys USA, Inc. ("SLB Toys"); SBA Toys; Manley Corporation; Manley Toys USA, Inc.; and Manley ToyQuest. Though the names of the entities selling the infringing products consistently change, one constant remains: Mr. Brian Dubinsky and Mr. Samson Chan have been the persons directing the activities of these business entities.

26. On information and belief, Manley Toys used these business entities to improperly protect its assets from lawful judgments. For example, in *Wham-O, Inc. v. Manley Toys, Ltd., Izzy Holdings, LLC, Aquawood, LLC, A.W. Computer Holdings, LLC, Brian Dubinsky, Samson Chan, Lisa Liu, Wal-Mart Stores, Inc., Target Corp., Toys 'R' Us, Inc. and Kmart Corporation*, No. 08-cv-01281 (C.D. Cal. filed Feb 24, 2008), Wham-O alleged in its complaint that Manley Toys, Brian Dubinsky, and Samson Chan, along with Defendants Izzy Holdings, Aquawood, A.W. Computer Holdings, and Lisa Liu, used an undercapitalized shell corporation, SLB Toys, in an effort to improperly protect Manley Toys' assets from lawful judgments in the courts of the United States.

## C.   Manley Toys and Wal-Mart's Willful Infringement of the '264 Patent

27. On information and belief, Manley Toys saw an Aviva inflatable water slide incorporating the claims of the '264 patent.

28. On information and belief, Manley Toys copied Aviva's product and then sold infringing products. Manley Toys produces products that look deceptively similar to Aviva's Products. (Exhibit E.)

29. On or about March 2007, Aviva's counsel sent a cease and desist letter to Brian Dubinsky and Manley Toys concerning their infringement of the '264 patent.

30. On April 18, 2007, SLB Toys filed a declaratory judgment action against Aviva regarding the '264 patent.

31. On June 19, 2007, Aviva filed an answer and counterclaims. SLB Toys answered these counterclaims on July 19, 2007.

32. On information and belief, on November 19, 2007, SLB Toys underwent an assignment of benefits of creditors and allegedly ceased operations. As a result, all claims between the parties were dismissed without prejudice.

33. Manley Toys' infringement continued, and on June 20, 2008, Aviva's counsel informed Brian Dubinsky and Manley Toys that Manley Toys' products continue to infringe the '264 patent.

34. On information and belief, on or about 2007, a buyer and employee of Wal-Mart, Kevin (last name currently unknown), was told by the president of Aviva that the inflatable water slide the buyer was gong to purchase infringed Aviva's '264 patent. This Wal-Mart employee told the president of Aviva, in the presence of another Aviva employee, that he was going to purchase the infringing product anyway.

35. Aviva has never given any of the Defendants authority to use the invention that is the subject of the '264 patent.

**D.   Defendants' False and Deceptive Sales Practices**

36. Defendants have uniformly misrepresented to consumers that their inflatable water slides are a different size than their actual size. Defendants use false and fraudulent images in their inflatable water slide advertisements. Images of the users of the inflatable water slides are miniaturized in relation to the actual size of the inflatable water slide product. These image manipulations make the inflatable water slide look deceptively larger than the actual size of the product. (Exhibit F.) Upon information and belief, Defendants have made these misrepresentations while selling or offering to sell the inflatable water slide products.

37. Upon information and belief, Defendants have made these false and fraudulent misrepresentations for years. Mr. Dubinsky was investigated by the Federal Trade Commission ("FTC") regarding these misrepresentations. On information and belief, the FTC elected to forgo enforcement based upon representations that the misrepresentations had ceased and would not be reintroduced. (Exhibit G.) Defendants, however, continue to make these misrepresentations.

38. By making these false and fraudulent misrepresentations, Defendants have deceived thousands of consumers into purchasing inflatable water slides manufactured and/or imported into the United States by Defendant Manley Toys, and sold and offered for sale by all Defendants. Consumers have been duped into purchasing products that are not as they appear. Examples of consumers being deceived are found in consumer comments to retailers. (Exhibit H.)

39. Manley Toys develops the fraudulent misrepresentations and places them on product packaging. Through the false and deceptive practices of Manley Toys, this deceptive product packaging is found on store shelves and in advertising throughout the United States including Minnesota.

40. Fingerhut, Menards, Kmart, and Wal-Mart display, sell, and profit from these deceptive goods displayed in their stores and/or on the internet throughout the United States including Minnesota.

41. Defendants' false and fraudulent misrepresentations have injured and will continue to injure Aviva who loses sales through a diversion of sales and loss of goodwill.

## COUNT I
## INFRINGEMENT OF UNITED STATES PATENT NO. 6,558,264
## BY MANLEY TOYS

42.   Aviva re-alleges and incorporates all preceding paragraphs.

43.   On information and belief, after the '264 patent issued in 2003, Manley Toys introduced inflatable water slides that infringed the '264 patent.

44.   On information and belief, based upon the significant commercial success of Manley Toys' inflatable water slides, Manley Toys introduced numerous inflatable water slides that infringed the '264 patent. These inflatable water slides include: the Aqua Adventure Water Park, Big Curve Water Park, Blackout Water Slide, Blast Water Slide, Cannonball Splash, Cyclone Twist, Dive and Slide, Double Cannon Blast Water Slide, Double Drop Falls, Double Drop Raceway, Falls Mega Criss-Cross, Falls Slingshot, Falls Water Slide, Jungle Blast Water Park, Mega Racer, Pipeline Twist Aqua Park, Roaring Rapids Adventure, Sidewinder Blast, Sidewinder Falls, Six Flags Banzai Falls, Six Flags Banzai Falls in-Ground, Six Flags Inflatable Banzai Falls Blast, Slide N Splash Giraffe Pool, Slide N Splash Whale Pool, Speed Splitter Racing Slide, Splash Blast Lagoon, The Plunge, Triple Slide Water Park Water Slide, Twin Blast Rapids, and the Vortex Spin Slide and Pool.

45.   Upon information and belief, Aqua Adventure Water Park, Big Curve Water Park, Cannonball Splash, Cyclone Twist, Double Drop Falls, Double Drop Raceway, Falls Mega Racer, Falls Splash Blast Lagoon, Jungle Blast Water Park, Roaring Rapids Adventure, Shark Fin, Ships Ahoy, Sidewinder Falls, Slide N Splash Giraffe Pool, Slide N Splash Whale Pool, Splash Blast Lagoon, and the Triple Slide Water Park, are still being sold in this district and throughout the United States.

46. On information and belief, Manley Toys has infringed the '264 patent by making, offering for sale, selling, using, and inducing others to use, Manley Toys' inflatable water slides.

47. On information and belief, Manley Toys continues to infringe the '264 patent by making, offering for sale, selling, using, and inducing others to use, Manley Toys' inflatable water slides.

48. Manley Toys had actual knowledge of the '264 patent and, on information and belief, had actual knowledge that its use, manufacture, sale, and offer for sale of its inflatable water slides infringed Aviva's patent, contributed to the infringement of Aviva's patent, and induced the infringement of Aviva's patent by others.

49. Manley Toys' infringement of the '264 patent is and has been willful.

50. Manley Toys' actions have harmed, and continue to harm, Aviva's business.

## COUNT II
## INFRINGEMENT OF UNITED STATES PATENT NO. 6,558,264 BY FINGERHUT, MENARDS, KMART AND WAL-MART

51. Aviva re-alleges and incorporates all preceding paragraphs.

52. Fingerhut, Menards, Kmart, and Wal-Mart are among the retailers who have sold and/or continue to sell Manley Toys' inflatable water slides that infringe Aviva's '264 patent. .

53. On information and belief, Defendants Fingerhut, Menards, Kmart, and Wal-Mart have infringed the '264 patent by offering for sale, selling, using and inducing others to use Manley Toys' inflatable water slides.

54. On information and belief, Fingerhut, Menards, Kmart, and Wal-Mart continue to infringe the '264 patent by offering for sale, selling, using and inducing others to use Manley Toys' inflatable water slides.

55. Fingerhut, Menards, Kmart, and Wal-Mart had actual knowledge of the '264 patent and, on information and belief, had actual knowledge that the use, manufacture, sale, and offer for sale of Manley Toys' inflatable water slides infringes that patent, contributes to the infringement of that patent, and induces the infringement of that patent by others.

56. Wal-Mart's infringement of the '264 patent is and has been willful.

## COUNT III
## FEDERAL UNFAIR COMPETITION

57. Aviva re-alleges and incorporates all preceding paragraphs.

58. This is a claim for federal unfair competition arising under the Lanham Act, Title 15, United States Code §1125(a).

59. Defendants have engaged in unfair competition by using advertisements and packaging that contain misleading representations and/or false descriptions of facts.

60. Defendants' actions have caused and are likely to continue to deceive consumers and have injured and will continue to injure Aviva.

## COUNT IV
## VIOLATIONS OF THE MINNESOTA UNIFORM DECEPTIVE TRADE PRACTICES ACT

61. Aviva re-alleges and incorporates all preceding paragraphs.

62. Minnesota Statute § 325D.44, subdivision 1 (2005) provides, in part, as follows:

> Subdivision 1. A person engages in a deceptive trade practice when, in the course of business, vocation, or occupation, the person:
>
> (5) represents that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation, or connection that the person does not have;
>
> (13) engages in any other conduct which similarly creates a likelihood of confusion or of misunderstanding.

63. Defendants' use of misleading visual images in their advertising and product packaging constitutes multiple, separate violations of Minnesota's Uniform Deceptive Trade Practices Act.

64. Defendants have engaged in this deceptive conduct during the course of their business.

65. Defendants' actions complained of are likely to cause, have caused, and will continue to cause consumer confusion and have injured and will continue to injure Aviva.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment that:

A. The Defendants have infringed, contributorily infringed, and/or induced infringement of one or more claims of United States Patent No. 6,558,264;

B. Manley Toys and Wal-Mart committed willful infringement of one or more claims of United States Patent No. 6,558,264;

C. The Defendants, their officers, agents, servants and employees, and those persons in active concert or participation with any of them be enjoined from further infringing, contributing to the infringement, or inducing the infringement of the

United States Patent No. 6,558,264, and be permanently enjoined from continued use, importation, offer for sale, or sale of the Defendants' products used to infringe the patent-in-suit;

D. Plaintiff be awarded damages arising out of Defendants' infringement of United States Patent No. 6,558,264, including treble damages for willful infringement by Manley Toys and Wal-Mart as provided by 35 U.S.C. § 284, with interest;

E. This case be adjudged and decreed exceptional pursuant to 35 U.S.C. § 285 and that Plaintiff be awarded its costs and attorneys' fees in pursuing this action;

F. Plaintiff be awarded its costs and attorneys' fees as allowed under the Minnesota Uniform Deceptive Trade Practices Act;

G. Defendants be enjoined from further deceptive advertising and marketing of its inflatable water slides as allowed under the Minnesota Uniform Deceptive Trade Practices Act; and

H. Plaintiff be awarded such other and further relief as this Court may deem necessary and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury of all issues so triable.

DATE: May 11, 2009

Keith M. Sorge (#032665)
Christopher D. Newkirk (#030184X)
Ryan C. Sorge (#0387937)
Arthur Chapman Kettering Smetak & Pikala, P.C.
500 Young Quinlan Building
81 South 9th Street
Minneapolis, Minnesota 55402
Phone: 612.339.3500