UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Aviva Sports, Inc.,

      Plaintiff,

v.                                                            Civil No. 09-1091 (JNE/JSM)
                                                            ORDER

Fingerhut Direct Marketing, Inc., Menard, Inc.,
Kmart Corporation, Wal-Mart Stores, Inc., and
Manley Toys, Ltd.,

      Defendants.

Aviva Sports, Inc., asserts that Fingerhut Direct Marketing, Inc., Menard, Inc., Kmart Corporation, Wal-Mart Stores, Inc., and Manley Toys, Ltd., engaged in patent infringement, violations of the Lanham Act, and violations of the Minnesota Deceptive Trade Practices Act. The claims for patent infringement have been stayed pending a reexamination of the patent-in-suit. Two motions are before the Court. Aviva Sports moves for a preliminary injunction. Fingerhut Direct Marketing, Menard, Kmart, and Manley Toys move to dismiss the claims under the Lanham Act and the Minnesota Deceptive Trade Practices Act. For the reasons set forth below, the Court denies the motions.

*Preliminary injunction*

Aviva Sports seeks to preliminarily enjoin further use of allegedly false advertisements on water slides and pools manufactured by Manley Toys.[1] "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer

---

[1] The proposed order submitted by Aviva Sports seeks restrictions on advertisements, product packaging, importation, and distribution. It also requests that Defendants be ordered to "permanently cover all existing product packaging for all Manley slides and pools being offered for sale"; "remove all advertising from the Internet for any Manley pool or slide that uses any image other than the product in the advertisement"; and "make every reasonable effort to obtain the return of any enjoined products currently in the possession of any Third-Party, except consumers." As security, Aviva Sports proposes a $1000 bond.

irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 129 S. Ct. 365, 374 (2008).

Delay alone may justify the denial of preliminary injunctive relief. *Hubbard Feeds, Inc. v. Animal Feed Supplement, Inc.*, 182 F.3d 598, 603 (8th Cir. 1999). "'[T]he failure to act sooner undercuts the sense of urgency that ordinarily accompanies a motion for preliminary relief and suggests that there is, in fact, no irreparable injury.'" *Weight Watchers Int'l, Inc. v. Luigino's, Inc.*, 423 F.3d 137, 144 (2d Cir. 2005) (quoting *Tough Traveler, Ltd. v. Outbound Prods.*, 60 F.3d 964, 968 (2d Cir. 1995)); *see Hubbard Feeds*, 182 F.3d at 603 (concluding that nine-year delay "belies any claim of irreparable injury pending trial"). In this case, Aviva Sports knew of Manley Toys' allegedly false advertisements for several years before bringing this action. Aviva Sports acknowledges that it "elected not to seek a preliminary injunction" when it brought this action in May 2009. More than nine months later, Aviva Sports filed a motion for a preliminary injunction to be heard in May 2010. Aviva Sports explains the timing of its motion as "predicated upon Manley's continued false advertising of its products through its retailers and website and its recent *ex parte* reexamination request." This explanation does not justify Aviva Sports' delay in seeking preliminary injunctive relief. Aviva Sports' delay in seeking preliminary injunctive relief indicates that Aviva Sports is not likely to experience irreparable harm in the absence of a preliminary injunction. The Court therefore denies Aviva Sports' motion for a preliminary injunction.

*Partial dismissal*

Fingerhut Direct Marketing, Menard, Kmart, and Manley Toys move to dismiss Aviva Sports' claims under the Lanham Act and the Minnesota Deceptive Trade Practices Act because

Aviva Sports' products do not compete with Manley Toys' products. At this stage of the litigation, the Court is not persuaded of the absence of competition between the products of Manley Toys and those of Aviva Sports. Thus, the Court denies the motion for partial dismissal.[2]

*Conclusion*

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Fingerhut Direct Marketing, Menard, Kmart, and Manley Toys' Motion for Partial Dismissal [Docket No. 73] is DENIED.

2. Aviva Sports' Motion for Preliminary Injunction [Docket No. 104] is DENIED.

Dated: May 25, 2010

s/ Joan N. Ericksen<br>
JOAN N. ERICKSEN<br>
United States District Judge

---

[2] In passing, Fingerhut Direct Marketing, Menard, Kmart, and Manley Toys assert that the retailers do not compete with Aviva Sports because they are on a different level of the distribution chain. This issue is not adequately briefed in the motion for partial dismissal. The Court expresses no opinion on it.

3