UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Aviva Sports, Inc.,

      Plaintiff,

v.                                                                                   Civil No. 09-1091 (JNE/JSM)
                                                                                       ORDER

Fingerhut Direct Marketing, Inc., Menard, Inc.,
Kmart Corporation, Wal-Mart Stores, Inc., and
Manley Toys, Ltd.,

      Defendants.

Two motions filed by Manley Toys, Ltd., Fingerhut Direct Marketing, Inc., Menard, Inc., and Kmart Corporation (collectively, Movants) are before the Court: a Motion to Certify Order for Interlocutory Review and a Motion for Stay Pending Interlocutory Review. Wal-Mart Stores, Inc., does not oppose the former, but it does oppose a stay of the false advertising claims asserted against it. Aviva Sports, Inc., opposes both motions. For the reasons set forth below, the Court denies the motions.

Relying on 28 U.S.C. § 1292(b) (2006), Movants seek certification of an Order dated May 25, 2010, for interlocutory review. Section 1292(b) states:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however,* That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

*See Union County v. Piper Jaffray & Co.*, 525 F.3d 643, 646 (8th Cir. 2008) (noting that interlocutory review is "extraordinary"); *White v. Nix*, 43 F.3d 374, 376 (8th Cir. 1994) ("A

1

motion for certification must be granted sparingly, and the movant bears the heavy burden of demonstrating that the case is an exceptional one in which immediate appeal is warranted."). In the May 25 Order, the Court summarized the arguments made in support of Movants' motion for partial dismissal; rejected, at that stage of the litigation, their premise; and denied the motion for partial dismissal. The Court is not of the opinion that the May 25 Order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the Order may materially advance the ultimate termination of the litigation.[1] The Court therefore denies Movants' motions.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Movants' Motion for Stay Pending Interlocutory Review [Docket No. 180] is DENIED.

2. Movants' Motion to Certify Order for Interlocutory Review [Docket No. 184] is DENIED.

Dated: September 23, 2010

s/ Joan N. Ericksen<br>
JOAN N. ERICKSEN<br>
United States District Judge

---

[1] Movants identify the controlling question of law as "whether [Aviva Sports] has prudential standing to assert its Lanham Act and Minnesota Deceptive Trade Practices Act . . . claims against [them]." In *American Ass'n of Orthodontists v. Yellow Book USA, Inc.*, 434 F.3d 1100, 1104 (8th Cir. 2006), the Eighth Circuit discerned no need to "resolve what may be a circuit conflict over the appropriate test for standing under [15 U.S.C.] § 1125(a)(1)(B)" because the plaintiff lacked standing to assert the claim against the defendant under either test.