UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Aviva Sports, Inc.,<br><br>                      Plaintiff,<br><br>vs.<br><br>Fingerhut Direct Marketing, Inc., Menard, Inc., Kmart Corporation, Wal-Mart Stores, Inc., and Manley Toys, Ltd.,<br><br>                      Defendants. | Case No. 0:09-cv-1091 JNE/JSM<br><br>**DEFENDANTS' PROPOSED SPECIAL VERDICT FORM** |

      The remaining Defendants in this action—Manley Toys, Ltd. ("Manley") and three of its retailer customers, Fingerhut Direct Marketing, Inc. ("Fingerhut"), Menard, Inc. ("Menard"), and Kmart Corporation ("Kmart")—propose hereby the following special verdict form, which is adapted from the latest version (dated November 3, 2011) of the Model Patent Jury Instructions for the United States District Court for the Northern District of California.

**VERDICT FORM**

When answering the following questions and filling out this Verdict Form, please follow the directions provided throughout the form. Your answer to each question must be unanimous. Some of the questions contain legal terms that are defined and explained in detail in the Jury Instructions. Please refer to the Jury Instructions if you are unsure about the meaning or usage of any legal term that appears in the questions below.

We, the jury, unanimously agree to the answers to the following questions and return them under the instructions of this court as our verdict in this case.

**FINDINGS ON INFRINGEMENT CLAIMS**

(The questions regarding infringement should be answered regardless of your findings with respect to the validity or invalidity of the patent.)

1. Has Aviva proven that it is more likely than not that every requirement of claim 18 of its patent is included in Manley's "Cannonball Splash" accused infringing product model?

        Yes _____        No _____

2. Has Aviva proven that it is more likely than not that every requirement of claim 18 of its patent is included in Manley's "Climb 'N Slide" accused infringing product model?

        Yes _____        No _____

3. Has Aviva proven that it is more likely than not that every requirement of claim 18 of its patent is included in Manley's "Falls Slingshot" accused infringing product model?

        Yes \_\_\_\_\_        No \_\_\_\_\_

4. Has Aviva proven that it is more likely than not that every requirement of claim 18 of its patent is included in Manley's "My First Water Slide" accused infringing product model?

        Yes \_\_\_\_\_        No \_\_\_\_\_

5. Has Aviva proven that it is more likely than not that every requirement of claim 19 of its patent is included in Manley's "Cannonball Splash" accused infringing product model?

        Yes \_\_\_\_\_        No \_\_\_\_\_

6. Has Aviva proven that it is more likely than not that every requirement of claim 19 of its patent is included in Manley's "Climb 'N Slide" accused infringing product model?

        Yes \_\_\_\_\_        No \_\_\_\_\_

7. Has Aviva proven that it is more likely than not that every requirement of claim 19 of its patent is included in Manley's "Falls Slingshot" accused infringing product model?

        Yes \_\_\_\_\_        No \_\_\_\_\_

8.  Has Aviva proven that it is more likely than not that every requirement of claim 19 of its patent is included in Manley's "My First Water Slide" accused infringing product model?

      Yes _____    No _____

## FINDINGS ON INVALIDITY DEFENSES

(The questions regarding invalidity should be answered regardless of your findings with respect to infringement.)

### Anticipation

9.  Have the Defendants proven that it is highly probable that claim 18 of Aviva's patent was "anticipated," or, in other words, was not new?

      Yes _____    No _____

10.  Have the Defendants proven that it is highly probable that claim 19 of Aviva's patent was "anticipated," or, in other words, was not new?

      Yes _____    No _____

## Obviousness

11. After consideration of all of the various obviousness factors and questions as set forth in the Court's Jury Instructions, do you find that the Defendants have proven that it is highly probable that claim 18 would have been obvious to a person of ordinary skill in the field at the time the patent application was filed?

        Yes \_\_\_\_\_        No \_\_\_\_\_

12. After consideration of all of the various obviousness factors and questions as set forth in the Court's Jury Instructions, do you find that the Defendants have proven that it is highly probable that claim 19 would have been obvious to a person of ordinary skill in the field at the time the patent application was filed?

        Yes \_\_\_\_\_        No \_\_\_\_\_

## FINDINGS ON DAMAGES (IF APPLICABLE)

If you answered any of questions 1-4 "yes" and both of questions 9 and 11 "no," proceed to answer the following question 13:

13. What has Aviva proved it is entitled to as a reasonable royalty for the infringement of claim 18 of the patent, if anything?

        Royalty Rate = \_\_\_\_\_ %

        Royalty Base = $\_\_\_\_\_

If you answered any of questions 5-8 "yes" and both of questions 10 and 12 "no," proceed to answer the following question 14:

14. What has Aviva proved it is entitled to as a reasonable royalty for the infringement of claim 19 of the patent, if anything?

        Royalty Rate = _____ %

        Royalty Base = $_____

---

You have now reached the end of the verdict form and should review it to ensure it accurately reflects your unanimous determinations. The Presiding Juror should then sign and date the verdict form in the spaces below and notify the Security Guard that you have reached a verdict. The Presiding Juror should retain possession of the verdict form and bring it when the jury is brought back into the courtroom.

---

DATED: _____, 2013        By:_____

                                                                           Presiding Juror

Dated:  February 15, 2012					Respectfully submitted,

**THE ECLIPSE GROUP LLP**

By:  s/Stephen M. Lobbin
(admitted *pro hac vice*)
Stephen M. Lobbin (CA Bar No. 181195)
1920 Main Street, Suite 150
Irvine, CA  92614
Telephone: (949) 851-5000
Facsimile:  (949) 608-9089
Email: sml@eclipsegrp.com

**ATTORNEYS FOR DEFENDANTS FINGERHUT DIRECT MARKETING, INC., MENARD, INC., KMART CORP. AND MANLEY TOYS, LTD.**