UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Aviva Sports, Inc.,

    Plaintiff,

v.                                                                                          Civil No. 09-1091 (JNE/JSM)
                                                  ORDER
Fingerhut Direct Marketing, Inc., Menard, Inc.,
Kmart Corporation, Wal-Mart Stores, Inc., and
Manley Toys, Ltd.,

    Defendants.

Plaintiff Aviva Sports, Inc. ("Aviva") brought this action against Defendants Fingerhut Direct Marketing, Inc., Menard, Inc., Kmart Corporation, Wal-Mart Stores, Inc., and Manley Toys, Ltd., asserting claims of patent infringement and false advertising. As detailed in the Order dated February 20, 2013, the Court has dismissed all but a few remaining patent infringement claims. On February 19, 2013, Aviva filed a motion for voluntary dismissal [Docket No. 770], seeking an order dismissing all of its remaining patent infringement claims with prejudice. Aviva also filed a motion for an expedited hearing on its motion to dismiss [Docket No. 776]. On February 27, 2013, Defendants responded to Aviva's motion to dismiss. Although Defendants propose several terms of dismissal that they believe to be appropriate, they at least agree that the remaining patent infringement claims should be dismissed with prejudice.

At this stage of the proceedings, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2).

> A decision whether to allow a party to voluntarily dismiss a case rests upon the sound discretion of the court. In exercising that discretion, a court should consider factors such as whether the party has presented a proper explanation for its desire to dismiss; whether a dismissal would result in a waste of judicial time and effort; and whether a dismissal will prejudice the defendants. Likewise, a party is not permitted to dismiss merely to escape an adverse decision nor to seek a more favorable forum.

1

*Thatcher v. Hanover Ins. Grp., Inc.*, 659 F.3d 1212, 1213-14 (8th Cir. 2011) (quoting *Hamm v. Rhone-Poulenc Rorer Pharm., Inc.*, 187 F.3d 941, 950 (8th Cir. 1999)).

The Court has reviewed the submissions and, given the fact that this case is nearly four years old, concludes that dismissal with prejudice of Aviva's remaining patent infringement claims is appropriate. Aviva has presented a proper explanation for its desire to dismiss and dismissal of the remaining patent claims actually conserves judicial time and effort, especially in light of the fact that the United States Patent and Trademark Office ("USPTO") has recently issued a final rejection of all the patent claims asserted in this litigation. Further, dismissal will not prejudice Defendants. Although they assert that they had hoped to prove patent invalidity at trial as a defense to infringement, at no point did they assert a counterclaim of invalidity. *See Solomon Techs., Inc. v. Int'l Trade Comm'n*, 524 F.3d 1310, 1319 (Fed. Cir. 2008) (explaining that where invalidity is raised only as an affirmative defense, and not as a counterclaim, "it is not necessary for the reviewing court to address the validity issue" once the court has found noninfringement). Further, Aviva contends that it does not intend to appeal the USPTO's final rejection of the patent claims. Aviva is not seeking to refile this action in a more favorable forum—in fact, Aviva's motion requests dismissal *with prejudice*. To the extent that the Defendants believe they are entitled to an award of fees and costs, Defendants may make such motions after judgment has been entered in this case, and the Court will consider those issues at that time.

Therefore, IT IS ORDERED THAT:

1. Aviva's Motion for Voluntary Dismissal [Docket No. 770] is GRANTED.

2. Aviva's remaining patent infringement claims against all Defendants are DISMISSED WITH PREJUDICE.

3. Aviva's Motion to Expedite Hearing [Docket No. 776] is DENIED AS MOOT.

Dated: February 27, 2013

                                                          s/Joan N. Ericksen
                                                          JOAN N. ERICKSEN
                                                          United States District Judge