UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Aviva Sports, Inc.,

     Plaintiff,

v.                                                              Civil No. 09-1091 (JNE/JSM)
                                                            ORDER

Fingerhut Direct Marketing, Inc., Menard, Inc.,
Kmart Corporation, Wal-Mart Stores, Inc., and
Manley Toys, Ltd.,

     Defendants.

Plaintiff Aviva Sports, Inc. ("Aviva") brought this action against Defendants Fingerhut Direct Marketing, Inc., Menard, Inc., Kmart Corporation, Wal-Mart Stores, Inc., and Manley Toys, Ltd., asserting claims of patent infringement and false advertising. The patent infringement claims have been dismissed, as have the claims against the Retailer Defendants Fingerhut, Menard, Kmart, and Wal-Mart. The Court has already found Manley liable on Aviva's false advertising claims, and previously held that Aviva was not entitled to actual damages. Thus, the only issue remaining in this case is the potential disgorgement of Manley's profits under the Lanham Act, 15 U.S.C. §§ 1117(a), 1125(a). In an Order dated February 6, 2013, the Court stated that "Aviva shall submit to the Court proof of its damages on its Lanham Act claims" and that "Manley is not permitted to oppose this submission."[1] A hearing on this issue was held on March 18, 2013. The Court concluded at that time that no issues remained to be tried before a jury, as disgorgement of profits is an equitable remedy. *See, e.g.*, *Masters v. UHS of Del., Inc.*, 631 F.3d 464, 473 (8th Cir. 2011); *see also Tull v. United States*, 481 U.S. 412, 424 (1987) (explaining that a remedy "intended simply to extract compensation or restore

---

[1] The February 6 Order resulted from a history of Manley's egregious conduct during the lengthy course of this litigation, involving Manley's numerous discovery abuses and repeated failures to obey Court orders.

the status quo" was issued by "courts of equity" and that "an action for disgorgement of improper profits" is "traditionally considered an equitable remedy"); *3M Co. v. Mohan*, 482 F. App'x 574, 578-79 (Fed. Cir. 2012) (finding no right to a jury trial where a party proceeded only on equitable claims); *Whitson v. Knox County Bd. of Educ.*, 468 F. App'x 532, 537 (6th Cir. 2012) ("When subsequent events leave only equitable issues to be resolved, the right to a jury trial does not exist and is not preserved by the Seventh Amendment or the Federal Rule of Civil Procedure 38.").

The parties are now ordered to contact chambers to schedule a telephonic conference to discuss the process for moving forward with concluding this case. Aviva shall inform the Court at that time as to whether it intends to submit any additional evidence or argument on the issue of disgorgement of profits, and both parties should be prepared to discuss the most efficient way of disposing of that one remaining issue.

IT IS SO ORDERED.

Dated: May 2, 2013

s/Joan N. Ericksen  
JOAN N. ERICKSEN  
United States District Judge