UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Aviva Sports, Inc.,

    Plaintiff,

v.                                                Civil No. 09-1091 (JNE/JSM)
                                                   ORDER

Fingerhut Direct Marketing, Inc., Menard, Inc.,
Kmart Corporation, Wal-Mart Stores, Inc., and
Manley Toys, Ltd.,

    Defendant.

On March 20, 2013, the Honorable Janie S. Mayeron, United States Magistrate Judge, issued an order granting in part and denying in part Plaintiff Aviva Sports, Inc.'s ("Aviva") Motion for Sanctions. In that order, the magistrate judge imposed sanctions on Defendant Manley Toys, Ltd. ("Manley") as well as on Manley's attorney, Mr. Stephen M. Lobbin, and Mr. Lobbin's law firm, the Eclipse Group. Now before the Court are Manley, Lobbin, and the Eclipse Group's objections to the March 20 Order.

**I.**     **Award of Sanctions Against Manley**

The magistrate judge imposed sanctions against Manley based on Manley's failure to produce a properly prepared Rule 30(b)(6) witness. This was not the first time Manley failed to produce an appropriate Rule 30(b)(6) witness. In January 2011, Aviva noticed a Rule 30(b)(6) deposition of Manley, and Manley identified for deposition an individual who lacked knowledge of many of the deposition topics and was not prepared to testify. On January 3, 2012, the magistrate judge ordered Manley to produce a witness capable of testifying with respect to various enumerated topics. *See* Order dated Jan. 3, 2012 (ECF No. 508). Manley produced another witness, who was deposed on June 7, 2012 and December 11, 2012. After the deposition, Aviva asserted—and the magistrate judge agreed—that this second witness was *also*

1

woefully unprepared to testify and knew very little about Manley.  Aviva moved for an award of fees and costs incurred in connection with both depositions as well as in preparation of the instant motion for sanctions.  The magistrate judge granted in part and denied in part that motion, awarding Aviva sanctions against Manley for the fees and costs incurred in connection with preparing for and attending the second deposition as well as in preparing for and attending Aviva's motion for sanctions.  The magistrate judge denied Aviva's request for sanctions in connection with the first failed Manley deposition.

Manley now objects to the magistrate judge's order, asserting that it adequately selected and prepared its Rule 30(b)(6) witness.  The Court has reviewed Manley's objections, the magistrate judge's orders, the briefs and evidence filed in connection with the motion for sanctions, and the deposition transcript, and concludes that the magistrate judge's order was neither "clearly erroneous" nor "contrary to law."  *See* 28 U.S.C. § 636(b)(1)(A) (2006); Fed. R. Civ. P. 72(a); D. Minn. LR 72.2(a).  The award of sanctions against Manley is therefore affirmed.

**II.     Award of Sanctions against Lobbin and the Eclipse Group**

In the March 20 Order, the magistrate judge also found that Manley's attorney knew or should have known that the second deponent was unprepared to provide meaningful answers to the deposition topics and that the attorney therefore played a "key role" in the failure of the second deposition.  The magistrate judge therefore ordered that Lobbin and his law firm, the Eclipse Group, also be personally liable for the sanctions award.  Lobbin and the Eclipse Group objected to the order, arguing in part that they were not provided with any notice that sanctions against them were being considered.  Aviva does not dispute this aspect of their objection. Although Lobbin and the Eclipse Group cite no law in support of the proposition that they were

entitled to any more notice than what was provided to their client, the Court nevertheless agrees that they should have been afforded notice of the potential of sanctions against them, in addition to sanctions being considered against Manley.[1]

The Court therefore vacates that portion of the magistrate judge's order that imposes sanctions against Lobbin and the Eclipse Group. This Order now serves as notice that sanctions against them may be considered for their role in the inadequate second attempt at Aviva's Rule 30(b)(6) deposition of Manley. If Lobbin or the Eclipse Group wish to submit anything that they have not already submitted in conjunction with their objection to the magistrate judge's order, they may do so on or before Friday, May 17, 2013. The Court will not consider any further argument that the witness was, in fact, adequately prepared, as the Court has concluded that he was not. Aviva may file a response to any such submission by Lobbin and the Eclipse Group on or before Friday, May 24, 2013. The Court does not intend to conduct a hearing on this matter, unless the parties request and demonstrate the need for such a hearing. In the event that Lobbin and/or the Eclipse Group request a hearing, a telephonic appearance will not be permitted.

Therefore, IT IS ORDERED THAT:

1. The magistrate judge's March 20, 2013 Order [Docket No. 797] is AFFIRMED in part and VACATED in part.

2. The award of sanctions against Defendant Manley is AFFIRMED.

3. The award of sanctions against Lobbin and the Eclipse Group is VACATED.

4. Lobbin and the Eclipse Group are now under notice of the potential sanctions being considered against them. They may submit to the Court any additional evidence or arguments as to why they should not be sanctioned for their role in the failed Rule

---

[1] Like Manley, Lobbin and the Eclipse Group also assert that the selected Rule 30(b)(6) witness was adequately prepared and provided appropriate answers to the deposition topics. The Court rejects this argument, and affirms the magistrate judge's conclusion that the deponent was not sufficiently prepared and, in fact, knew very little at all about Manley.

30(b)(6) deposition on or before May 17, 2013.  Aviva may respond on or before May 24, 2013.

Dated: May 3, 2013

                                              s/Joan N. Ericksen
                                              JOAN N. ERICKSEN
                                              United States District Judge