UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Aviva Sports, Inc.,

       Plaintiff,

v.                                                                                      Civil No. 09-1091 (JNE/JSM)
                                                                                                ORDER

Fingerhut Direct Marketing, Inc., Menard, Inc.,
Kmart Corporation, Wal-Mart Stores, Inc., and
Manley Toys, Ltd.,

       Defendants.

On August 6, 2013, the Court filed under seal an order pertaining to the disgorgement of Manley Toys, Ltd.'s profits and provided the parties with an opportunity to propose redactions to that Order. Aviva indicated that it does not believe any redactions are necessary; Manley proposed redaction of the sales and profit information contained within the Order. "There is a common-law right of access to judicial records." *IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013). "This right of access bolsters public confidence in the judicial system by allowing citizens to evaluate the reasonableness and fairness of judicial proceedings and 'to keep a watchful eye on the workings of public agencies.'" *Id.* (citations omitted). "It also provides a measure of accountability to the public at large, which pays for the courts." *Id.* "Where the common-law right of access is implicated, the court must consider the degree to which sealing a judicial record would interfere with the interests served by the common-law right of access and balance that interference against the salutary interests served by maintaining confidentiality of the information sought to be sealed." *Id.* at 1223. "[T]he weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and resultant value of such information to those monitoring the federal courts." *Id.* at 1224 (internal quotation marks omitted).

Manley contends that its proposed redactions are based on the Court's January 4, 2010 Protective Order (ECF No. 77). Manley contends that "confidential information," as defined within the protective order, typically includes a party's non-public sales and profit information. But a protective order is entirely different than an order to seal or redact Court documents and implicates entirely different interests. As stated above, the public has a right to access documents that are submitted to the Court and that form the basis for judicial decisions. *See IDT Corp.*, 709 F.3d at 1222; *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) (recognizing a common law right of access to judicial records). A protective order, on the other hand, is designed to assist in the pretrial discovery process—a process that might yield information that is "unrelated, or only tangentially related, to the underlying cause of action." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33 (1984). "Liberal discovery is provided for the sole purpose of assisting in the preparation and trial, or the settlement, of litigated disputes." *Id.* at 34. Such liberal pretrial discovery "has a significant potential for abuse" and "may seriously implicate privacy interests of litigants and third parties." *Id.* at 34-35. Given the vastly different role served by pretrial discovery, "restraints placed on discovered, but not yet admitted, information are not a restriction on a traditionally public source of information" and do not implicate the same right of access concerns. *Id.* at 33.

Aside from the vastly different interests implicated by protective orders and orders to seal Court documents, the Court also notes that Manley did not, in fact, produce during discovery its sales and profit information—a subject that has repeatedly been the focus of sanctions motions and orders during this litigation. Most of the information relied upon by Aviva's expert, and referred to by the Court, was gleaned from the documents and information produced by the retailers who sold Manley's products—*not* by Manley pursuant to any protective order. Had

Manley produced the required financial information during discovery, perhaps its assertion that the information is confidential and worthy of redaction would be more persuasive. But given Manley's unrelenting resistance to disclosing the type of financial information the Court relied upon in reaching its disgorgement determination, the Court is hard pressed to find that Manley is now entitled to keep the unearthed financial information concealed from the public.

Moreover, the information Manley wants redacted played a significant role in this Court's exercise of Article III judicial power and is therefore highly relevant to those monitoring the federal courts. *See IDT Corp.*, 709 F.3d at 1224. In fact, if the Court incorporated Manley's proposed redactions, the Order would make little sense to anyone reading it, and the public would be unable to evaluate the reasonableness and fairness of the judicial proceedings in this case. Here, the public's interest in full access to the judicial order is strong and Manley failed to show a strong countervailing interest.

Therefore, IT IS ORDERED THAT:

1. The Clerk of Court is directed to unseal the Order dated August 6, 2013 [Docket No. 822].

Dated:  August 16, 2013

s/Joan N. Ericksen<br>JOAN N. ERICKSEN<br>United States District Judge