UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Aviva Sports, Inc.,

       Plaintiff,

v.                                            Civil No. 09-1091 (JNE/JSM)
                                              ORDER

Fingerhut Direct Marketing, Inc., Menard, Inc.,
Kmart Corporation, Wal-Mart Stores, Inc., and
Manley Toys, Ltd.,

       Defendants.

On August 21, 2013, the Clerk of Court entered judgment. Two weeks later, Manley Toys, Ltd. (Manley), filed a notice of appeal. On September 18, 2013, Manley moved to extend the time to file a notice of appeal. The next day, Manley, Fingerhut Direct Marketing, Inc. (Fingerhut), Menard, Inc., and Kmart Corporation moved to amend the judgment. For the reasons set forth below, the Court denies the motions.

*Motion to Amend Final Judgment*

Citing Rules 52(b) and 59(e) of the Federal Rules of Civil Procedure, Manley, Fingerhut, Menard, and Kmart moved to amend the judgment. Rule 52(b) states: "On a party's motion filed no later than 28 days after the entry of judgment, the court may amend its findings—or make additional findings—and may amend the judgment accordingly. The motion may accompany a motion for a new trial under Rule 59." Rule 59(e) states that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of judgment." "Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence. Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment."

1

*Holder v. United States*, 721 F.3d 979, 986 (8th Cir. 2013) (citations omitted) (internal quotation marks omitted).

Manley, Fingerhut, Menard, and Kmart asked that the judgment be amended to incorporate each dispositive interlocutory order. The Court denies their request. *See Crown Packaging Tech., Inc. v. Rexam Beverage Can Co.*, 559 F.3d 1308, 1311 (Fed. Cir. 2009); *Berdella v. Delo*, 972 F.2d 204, 208 & n.6 (8th Cir. 1992).

Next, Manley, Fingerhut, Menard, and Kmart asked that the award of attorney fees and costs in paragraph 2 of the judgment be excised from the judgment. For the reasons set forth in the Order dated August 6, 2013, the award of attorney fees and costs to Plaintiff as set forth in paragraph 2 of the judgment is appropriate. The Court denies the request to excise paragraph 2 from the judgment.

Finally, Manley asked that the judgment be amended to include factual findings regarding Plaintiff's standing. The Court denies Manley's request.[1]

---

[1] In its opposition to the motion to amend, Plaintiff did not raise the issue of whether Manley, Fingerhut, Menard, and Kmart timely filed the motion. *Compare* Fed. R. Civ. P. 6(b)(2) (stating that "[a] court must not extend the time to act" under Rules 52(b) or 59(e)); *Heide v. Scovel*, 355 F. App'x 91, 92 (8th Cir. 2009) (unpublished per curiam) ("Because . . . the Rule 59(e) motion was untimely, the district court's November 10, 2008 order denying the motion was a nullity, and this court lacks jurisdiction to review that order."); *Arnold v. Wood*, 238 F.3d 992, 998 (8th Cir. 2001) ("Because the [Rule 59(e)] motion was late-filed, the district court lacked jurisdiction to consider it; consequently, we lack the power to review that court's decision, which is effectively a nullity."), *with Dill v. Gen. Am. Life Ins. Co.*, 525 F.3d 612, 618 (8th Cir. 2008) (concluding that "Federal Rules of Civil Procedure 6(b)(2) and 50(b) are nonjurisdictional claim-processing rules"). Nevertheless, Manley, Fingerhut, Menard, and Kmart filed their motion to amend on September 19, 2013, which is 29 days after the entry of judgment. In a declaration, their attorney explained the late filing:

> This evening at about 11:35 p.m. . . . I attempted to access the Court's ECF site to log in and complete the filing of a motion due September 18, 2013. I was not able to connect to the Court's ECF filing home page. I made several attempts to connect, but was not able to pull up the ECF home page until about 11:55 p.m. At that time, I logged in, entered my case information, chose my event, uploaded my motion documents, and completed the filing. Because of these technical

*Motion to Extend Time to File Notice of Appeal*

In its Motion to Extend Time to File Notice of Appeal, Manley asked the Court to "confirm that the September 4, 2013 Notice of Appeal filed in this action is effective as to all issues incorporated into the Court's Final Judgment, including the sanctions issue decided in the Court's July 23, 2013 [O]rder." The Court denies Manley's request. *See Tenkku v. Normandy Bank*, 218 F.3d 926, 927 (8th Cir. 2000) (stating that *Cunningham v. Hamilton Cnty.*, 527 U.S. 198 (1999), "held that a sanctions order against a party or her attorney is not an appealable final order").

---

difficulties, my ECF filing receipt shows a time stamp of ":05" on September 19, 2013.

The Court notes that a plaintiff in separate litigation filed an affidavit at the very time that the attorney in this case was allegedly experiencing technical difficulties. Affidavit of Record by Attorney Jarvis Jones, *Holaway v. Stratasys, Inc.*, Civil No. 12-998 (PAM/JSM) (D. Minn. Sept. 18, 2013), ECF No. 155. The affidavit in *Holaway* was filed on September 18, 2013, at 11:46 p.m. In addition, the Court notes that Manley, Fingerhut, Menard, and Kmart's attorney filed Manley's motion to extend the time to file a notice of appeal on September 18, 2013, at 7:15 p.m. The technical difficulties described by the attorney in this case do not excuse the late filing of the motion to amend. *See* Fed. R. Civ. P. 6(b)(2); *Heide*, 355 F. App'x at 92; *Arnold*, 238 F.3d at 998; *Yancick v. Hanna Steel Corp.*, 653 F.3d 532, 538 (7th Cir. 2011) ("While the circumstances of the plaintiff's problems (a computer breakdown) evoked sympathy, it seemed that his problem really was that 'he waited until the last minute to get his materials together.' He 'apparently neglected the old proverb that "sooner begun, sooner done"' and that '[w]hen parties wait until the last minute to comply with a deadline, they are playing with fire.'" (alteration in original) (citation omitted)); *Star Pac. Corp. v. Star Atl. Corp.*, Civil Action No. 08-4957 (SDW)(MCA), 2012 WL 1079624, at *3 (D.N.J. Mar. 30, 2012) ("Defendant filed the present [Rule 59(e)] Motion on October 13, 2011, a day after the twenty-eight day deadline. [Defendant] asserts that he could not file the Motion on October 12, 2011, because the Court's Case Management/Electronic Case Filing . . . was experiencing a technical failure. According to Defendant, he spoke to this Court's deputy clerk and one law clerk to inform them of the technical failure. However, the fact that [Defendant] made the Court aware of the technical failure did not relieve him of his responsibility to file a timely Rule 59(e) motion . . . ."); *Miracle of Life, L.L.C. v. N. Am. Van Lines, Inc.*, 447 F. Supp. 2d 519, 520-21 (D.S.C. 2006) (dismissing plaintiffs' Rule 59(e) motion as untimely notwithstanding plaintiffs' assertion that "due to technical difficulties converting the WordPerfect document to a PDF, they did not make the filing until 1:00 a.m." on the day after deadline).

*Conclusion*

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Manley's Motion to Extend Time to File Notice of Appeal [Docket No. 836] is DENIED.

2. Manley, Fingerhut, Menard, and Kmart's Motion to Amend Final Judgment [Docket No. 837] is DENIED.

Dated: October 16, 2013

s/Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge