UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Aviva Sports, Inc.,

      Plaintiff,

v.                                                                                          Civil No. 09-1091 (JNE/JSM)
                                                                                            ORDER
Fingerhut Direct Marketing, Inc., Menard, Inc.,
Kmart Corporation, Wal-Mart Stores, Inc., and
Manley Toys, Ltd.,

      Defendants.

Aviva Sports, Inc. (Aviva), sued Manley Toys, Ltd. (Manley), Fingerhut Direct Marketing, Inc. (Fingerhut), Menard, Inc., Kmart Corporation, and Wal-Mart Stores, Inc. (Wal-Mart), for patent infringement, violations of the Lanham Act, and violations of Minnesota's Uniform Deceptive Trade Practices Act.  Aviva obtained a judgment against Manley on the claims under the Lanham Act and Minnesota's Uniform Deceptive Trade Practices Act.  The other claims were dismissed.  The case is before the Court on Menard, Kmart, and Fingerhut's motion for attorney fees and related expenses, as well as their motion for review of the clerk's taxation of costs.  For the reasons set forth below, the Court denies the motions.

I.   **Motion for attorney fees and related expenses**

Fingerhut, Menard, and Kmart moved for an award of attorney fees and costs under 15 U.S.C. § 1117(a) (2012) and 35 U.S.C. § 285 (2012).  Each section states that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party."  Fingerhut Menard, and Kmart asserted that they prevailed on Aviva's claims of

patent infringement and false advertising, that the case is exceptional within the meaning of § 1117(a) and § 285, and that an award of reasonable attorney fees and costs is appropriate. Aviva responded that no award should be made under because Fingerhut, Menard, and Kmart entered into indemnification agreements with Manley that require Manley to pay all attorney fees and costs; that it is the prevailing party if there is to be but one prevailing party; that the case is not exceptional; and that the fees and costs requested are not reasonable.

"In determining the compensatory quantum of an award under § 285 in an egregious case, courts should not be, and have not been, limited to reimbursement of only those amounts actually paid by the injured named party." *Automated Bus. Cos. v. NEC Am., Inc.*, 202 F.3d 1353, 1356 (Fed. Cir. 2000). The indemnification agreements do not preclude an award to Fingerhut, Menard, and Kmart.

The Court turns to whether Fingerhut, Menard, and Kmart are prevailing parties. With respect to patent infringement, the Court granted summary judgment in their favor on one of the asserted claims. Later, the Court granted Aviva's motion for voluntary dismissal and dismissed with prejudice the remaining claims asserted against Fingerhut, Menard, and Kmart. As to false advertising, the Court dismissed the claim against Fingerhut, Menard, and Kmart. Fingerhut, Menard, and Kmart prevailed on the claims asserted against them. *See Highmark, Inc. v. Allcare Health Mgmt. Sys., Inc.*, 687 F.3d 1300, 1311 (Fed. Cir. 2012) (considering whether patent case was exceptional on a claim-by-claim basis), *cert. granted*, 134 S. Ct. 48 (2013); *Highway Equip. Co. v. FECO, Ltd.*,

2

469 F.3d 1027, 1035 (Fed. Cir. 2006); *Beckman Instruments, Inc. v. LKB Produckter AB*, 892 F.2d 1547, 1554 (Fed. Cir. 1989).

*Section 285*

"A district court has discretion to award reasonable attorney fees to a prevailing party in a patent case if the court determines that the case is 'exceptional.'" *MarcTec, LLC v. Johnson & Johnson*, 664 F.3d 907, 915 (Fed. Cir. 2012); *see* 35 U.S.C. § 285. "Section 285 also permits the prevailing party to recover certain disbursements incurred during preparation for a case." *Rohm & Haas Co. v. Crystal Chem. Co.*, 736 F.2d 688, 693 (Fed. Cir. 1984).

To decide whether to award reasonable attorney fees under § 285, the court first determines whether the prevailing party has proved by clear and convincing evidence that the case is exceptional. *Integrated Tech. Corp. v. Rudolph Techs., Inc.*, 734 F.3d 1352, 1360 (Fed. Cir. 2013); *MarcTec*, 664 F.3d at 915. If the case is exceptional, then the court determines whether an award of attorney fees is justified. *Integrated Tech.*, 734 F.3d at 1360; *MarcTec*, 664 F.3d at 916. The court may find a case to be exceptional in a wide variety of circumstances:

> A case may be deemed exceptional when there has been some material inappropriate conduct related to the matter in litigation, such as willful infringement, fraud or inequitable conduct in procuring the patent, misconduct during litigation, vexatious or unjustified litigation, conduct that violates Fed. R. Civ. P. 11, or like infractions. Absent misconduct in conduct of the litigation or in securing the patent, sanctions may be imposed against the patentee only if both (1) the litigation is brought in subjective bad faith, and (2) the litigation is objectively baseless.

3

*Brooks Furniture Mfg., Inc. v. Dutailier Int'l, Inc.*, 393 F.3d 1378, 1381 (Fed. Cir. 2005) (citations omitted); *see Kilopass Tech., Inc. v. Sidense Corp.*, 738 F.3d 1302, 1308-09, 1317 & n.6 (Fed. Cir. 2013); *Glaxo Grp. Ltd. v. Apotex, Inc.*, 376 F.3d 1339, 1350 (Fed. Cir. 2004) (stating "a myriad of factual circumstances may give rise to a finding that a case is exceptional" under § 285).[1]  "Where . . . the alleged infringer prevails in the underlying action, factors relevant to determining whether a case is exceptional include the closeness of the question, pre-filing investigation and discussions with the defendant, and litigation behavior." *MarcTec*, 664 F.3d at 916 (internal quotation marks omitted).

To support their assertion that the case is exceptional under § 285, Fingerhut, Menard, and Kmart identified five actions as the "most unreasonable actions taken by Aviva in pressing its patent infringement claim": (1) Aviva repeatedly objected to a stay of the litigation pending reexamination by the Patent and Trademark Office (PTO); (2) Aviva repeatedly complained about its lack of financial resources while "press[ing Fingerhut, Menard, and Kmart] to spend money and resources to defend this case"; (3) Aviva asserted a patent infringement claim that was "logically impossible" given the patentee's statements to the PTO; (4) Aviva did not dismiss its "secondary infringement allegations" despite having no evidence to support them at trial; and (5) Aviva "abruptly dismissed" its remaining patent infringement allegations a few days before trial.  The Court does not find that the case was exceptional under § 285.

---

[1]    The Supreme Court is considering the standard to award attorney fees under § 285. Petition for a Writ of Certiorari, *Octane Fitness, LLC v. Icon Health & Fitness, Inc.*, No. 12-1184 (U.S. Mar. 27, 2013).  The Court will hear argument in *Octane Fitness* on February 26, 2014.

A court has discretion to stay litigation pending reexamination of a patent. *Procter & Gamble Co. v. Kraft Foods Global, Inc.*, 549 F.3d 842, 848-49 (Fed. Cir. 2008); *Viskase Corp. v. Am. Nat'l Can Co.*, 261 F.3d 1316, 1328 (Fed. Cir. 2001) ("The court is not required to stay judicial resolution in view of the reexaminations."). Nothing in Aviva's opposition to Fingerhut, Menard, and Kmart's repeated requests for stays—one of which the Court denied in part and two of which the Court denied—renders this case exceptional. *Cf. Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 582 F.3d 1288, 1305 (Fed. Cir. 2009) (Newman, J., concurring) ("[I]f routinely available to delay the judicial resolution of disputes, the [reexamination] procedure is subject to inequity, if not manipulation and abuse, through the delays that are inherent in PTO activity.").

As to Fingerhut, Menard, and Kmart's assertion about the parties' relative financial positions, nothing about Aviva's pursuit of this action while Aviva was experiencing financial difficulties warrants a finding that the case is exceptional.

"Reasonable minds can differ as to claim construction positions and losing constructions can nevertheless be nonfrivolous." *Raylon, LLC v. Complus Data Innovations, Inc.*, 700 F.3d 1361, 1368 (Fed. Cir. 2012), *cert. denied*, 134 S. Ct. 94 (2013). Aviva's assertion of claim 14 of U.S. Patent No. 6,558,264 against Fingerhut, Menard, and Kmart did not rest on a claim construction that was so unreasonable as to render the case exceptional. After the Court construed disputed claim terms, Aviva essentially conceded the issue of literal infringement of claim 14 at the hearing on Fingerhut, Menard, and Kmart's motion for summary judgment, and Aviva did not vigorously assert the doctrine of equivalents. Aviva's assertion of patent infringement

5

claims against Fingerhut, Menard, and Kmart did not render the case exceptional. *Cf. Taurus IP, LLC v. DaimlerChrysler Corp.*, 726 F.3d 1306, 1328 (Fed. Cir. 2013) ("While an adverse claim construction generally cannot, alone, form the basis for an exceptional case finding . . . a party cannot assert baseless infringement claims and must continually assess the soundness of pending infringement claims, especially after an adverse claim construction."); *Aspex Eyewear Inc. v. Clariti Eyewear, Inc.*, 605 F.3d 1305, 1315 (Fed. Cir. 2010) ("Defeat of a litigation position, even on summary judgment, does not warrant an automatic finding that the suit was objectively baseless . . . .").

Fingerhut, Menard, and Kmart did not support their assertion that Aviva had no evidence to offer at trial to support its "secondary infringement allegations." Aviva's assertion of claims 18 and 19 of the '264 Patent survived Fingerhut, Menard, and Kmart's motion for summary judgment. Nothing about Aviva's continued assertion of claims 18 and 19 rendered the case exceptional. *See Medtronic Navigation, Inc. v. BrainLAB Medizinische Computersysteme GmbH*, 603 F.3d 943, 954 (Fed. Cir. 2010) ("Absent misrepresentation to the court, a party is entitled to rely on a court's denial of summary judgment . . . as an indication that the party's claims were objectively reasonable and suitable for resolution at trial.").

A short time before trial, the Court granted Aviva's motion for voluntary dismissal of its remaining patent infringement claims. Aviva presented a proper explanation for its desire to dismiss the claims. Dismissal conserved judicial resources. The dismissal did not prejudice Fingerhut, Menard, and Kmart. Nothing about Aviva's "abrupt" dismissal of its remaining patent infringement claims before trial rendered the case exceptional.

In short, the Court does not find the case exceptional under § 285. The Court therefore declines to award Fingerhut, Menard, and Kmart fees and costs under § 285.

*Section 1117(a)*

"The Lanham Act permits the district court to award attorney's fees to the prevailing party in exceptional cases. When a plaintiff's case is groundless, unreasonable, vexatious, or pursued in bad faith, it is exceptional, and the district court may award attorney's fees to the defendant." *Scott Fetzer Co. v. Williamson*, 101 F.3d 549, 555 (8th Cir. 1996); *see Fair Isaac Corp. v. Experian Info. Solutions, Inc.*, 650 F.3d 1139, 1152 (8th Cir. 2011).[2]

To support their assertion that the case is exceptional under § 1117(a), Fingerhut, Menard, and Kmart identified three actions as the "most unreasonable actions taken by Aviva in pressing its false advertising claim": (1) Aviva sued Fingerhut, Menard, and Kmart "without any reasonable basis to invoke this Court's threshold standing to hear the false advertising claim, knowing full well [Fingerhut, Menard, and Kmart] are 'on a different level of the distribution chain' from Aviva"; (2) Aviva continued to assert its false advertising claim after full discovery, "even though Aviva had no evidence to resist summary judgment on the lack of standing to sue"; and (3) Aviva refused to accept an offer of judgment in March 2011.

A few weeks after Aviva had amended its complaint, Fingerhut, Menard, and Kmart, as well as Manley, moved to dismiss Aviva's claim under the Lanham Act

---

[2] The law of the Eighth Circuit determines whether the case is exceptional under § 1117(a). *See Waymark Corp. v. Porta Sys. Corp.*, 334 F.3d 1358, 1362 (Fed. Cir. 2003).

7

because Aviva's products did not compete with those of Manley. The Court denied the motion. Because Fingerhut, Menard, and Kmart had not adequately briefed the issue, the Court expressed no opinion on whether Aviva competed with the retailers:

> In passing, Fingerhut Direct Marketing, Menard, Kmart, and Manley Toys assert that the retailers do not compete with Aviva Sports because they are on a different level of the distribution chain. This issue is not adequately briefed in the motion for partial dismissal. The Court expresses no opinion on it.

Later, the Court granted Wal-Mart's motion for summary judgment on the ground that Aviva lacked prudential standing to assert a claim for false advertising against Wal-Mart. The Court applied three approaches that various circuits had employed.[3] Although some factors favored Aviva, the Court concluded that Aviva lacked standing under each approach. Later, Aviva conceded that the same analysis applied to Fingerhut, Menard, and Kmart. Although the Court resolved the issue of prudential standing against Aviva, nothing about Aviva's assertion of a false advertising claim against Fingerhut, Menard, and Kmart was groundless, unreasonable, or vexatious. Nor did Aviva's rejection of the offer of judgment, which took place several months before the Court had resolved Wal-Mart's motion, render the case groundless, unreasonable, or vexatious. Aviva did not pursue the claim in in bad faith.

---

[3]   The Supreme Court is considering "the appropriate analytic framework for determining a party's standing to maintain an action for false advertising under the Lanham Act." Petition for Writ of Certiorari, *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, No. 12-873 (U.S. Jan. 14, 2013). The Supreme Court heard argument in *Lexmark* on December 3, 2013.

In short, the Court does not find the case exceptional under § 1117(a). The Court therefore declines to award Fingerhut, Menard, and Kmart fees and costs under § 1117(a).

## II. Motion for review of the clerk's taxation of costs

Fingerhut, Menard, and Kmart submitted a bill of costs that sought $200 for filing fees and $21,869.87 for transcripts. Aviva opposed their request for an award of costs. The clerk denied Fingerhut, Menard, and Kmart's request and provided the following explanation:

> Insufficient explanation as to why claiming defendants that were represented by the same counsel as non-claiming defendant, Manley Toys, Ltd., should be treated differently and how they should be treated differently, including which costs are attributable to the claiming defendants and how such costs should be apportioned with all defendants that were represented by the same counsel.

Fingerhut, Menard, and Kmart sought review of the clerk's action. *See* D. Minn. LR 54.3(c)(3).

"Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). "Federal Circuit law defines 'prevailing party' for the purposes of patent litigation." *Shum v. Intel Corp.*, 629 F.3d 1360, 1366 (Fed. Cir. 2010). "[J]ust because a party can be said to have 'prevailed' on a claim does not necessarily make him a 'prevailing party' as the term is used in Rule 54." *Id.* at 1367. "Rule 54 unambiguously limits the number of prevailing parties in a given case to one because the operative term, 'prevailing party,' is singular." *Id.* Regional circuit law applies to the award of costs

9

under Rule 54. *In re Ricoh Co., Ltd. Patent Litig.*, 661 F.3d 1361, 1364 (Fed. Cir. 2011). A district court has substantial discretion in awarding costs to a prevailing party under Rule 54(d). *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 762 (8th Cir. 2006).

In this case, Fingerhut, Menard, and Kmart prevailed on all claims asserted against them. Aviva prevailed on its claims against Manley under the Lanham Act and Minnesota's Uniform Deceptive Trade Practices Act. Manley prevailed on the claim of patent infringement. Fingerhut, Menard, and Kmart are prevailing parties within the meaning of Rule 54. *See Kollsman v. Cohen*, 996 F.2d 702, 706 (4th Cir. 1993) ("Although Kollsman was a prevailing party with respect to Cubic, it was not a prevailing party with respect to Cohen.").[4]

As noted by the clerk, Fingerhut, Menard, and Kmart were represented by the same attorneys who represented Manley. Fingerhut, Menard, and Kmart have not adequately explained whether to attribute the requested costs to them and how to apportion the requested costs. The Court denies Fingerhut, Menard, and Kmart's motion for review of the clerk's taxation of costs.

**III. Conclusion**

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Fingerhut, Menard, and Kmart's motion for attorney fees and related expenses [Docket No. 829] is DENIED.

---

[4] In *Shum*, the Federal Circuit reviewed "an award of costs in a case where no party prevailed on every claim." 629 F.3d at 1363.

    2.       Fingerhut, Menard, and Kmart's motion for review of the clerk's taxation of costs [Docket No. 862] is DENIED.

Dated: February 24, 2014

                                                                           s/Joan N. Ericksen
                                                                           JOAN N. ERICKSEN
                                                                           United States District Judge