UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Aviva Sports, Inc.,

    Plaintiff,

v.

Fingerhut Direct Marketing, Inc., Menard, Inc.,
Kmart Corporation, Wal-Mart Stores, Inc., and
Manley Toys, Ltd.,

    Defendants.

Civil No. 09-1091 (JNE/JSM)
ORDER

    Aviva Sports, Inc. (Aviva), sued Manley Toys, Ltd. (Manley), Fingerhut Direct Marketing, Inc. (Fingerhut), Menard, Inc., Kmart Corporation, and Wal-Mart Stores, Inc., for patent infringement, violations of the Lanham Act, and violations of Minnesota's Uniform Deceptive Trade Practices Act. Aviva obtained a judgment against Manley on the claims under the Lanham Act and Minnesota's Uniform Deceptive Trade Practices Act. The other claims were dismissed. Menard, Kmart, and Fingerhut moved for an award of attorney fees and related expenses. The Court denied their motion. Menard, Kmart, and Fingerhut appealed. Aviva moved for a limited remand. The United States Court of Appeals for the Federal Circuit granted Aviva's motion "to the extent that the portion of the appeal related to attorney fees under 35 U.S.C. § 285 is remanded for the purpose of allowing the district court to reconsider its decision in light of" *Highmark Inc. v. Allcare Health Management System, Inc.*, 134 S. Ct. 1744 (2014), and *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749 (2014).

1

"The court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285 (2012).  Recognizing that the Supreme Court was considering the standard to award attorney fees under § 285, the Court applied *Brooks Furniture Manufacturing, Inc. v. Dutailier International, Inc.*, 393 F.3d 1378 (Fed. Cir. 2005), to determine whether the case was exceptional under § 285 when the Court denied Menard, Kmart, and Fingerhut's motion for an award of attorney fees and related expenses in February 2014.  The Court did not find the case to be exceptional, and the Court denied their request for fees under § 285.

In *Octane Fitness*, the Supreme Court concluded that the framework established in *Brooks Furniture* to determine whether a case is exceptional is "unduly rigid" and that the framework "impermissibly encumbers the statutory grant of discretion to district courts."  134 S. Ct. at 1755.  The Supreme Court held "that an 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated," and stated that a district court "may determine whether a case is 'exceptional' in the case-by-case exercise of [its] discretion, considering the totality of the circumstances."  *Id.* at 1756.  The Supreme Court also "reject[ed] the Federal Circuit's requirement that patent litigants establish their entitlement to fees under § 285 by 'clear and convincing evidence.'"  *Id.* at 1758.  "Section 285 demands a simple discretionary inquiry; it imposes no specific evidentiary burden, much less such a high one.  Indeed, patent-infringement litigation has always been governed by a preponderance of the evidence standard . . . ."  *Id.*

In *Highmark*, the Supreme Court considered "whether an appellate court should accord deference to a district court's determination that litigation is 'objectively baseless.'" 134 S. Ct. at 1746. The Supreme Court concluded that its holding in *Octane Fitness* "settles this case: Because § 285 commits the determination whether a case is 'exceptional' to the discretion of the district court, that decision is to be reviewed on appeal for abuse of discretion." *Id.* at 1748. The Supreme Court held "that an appellate court should apply an abuse-of-discretion standard in reviewing all aspects of a district court's § 285 determination." *Id.* at 1749.

When Fingerhut, Menard, and Kmart moved for attorney fees under § 285 in September 2013, they identified five actions as the "most unreasonable actions taken by Aviva in pressing its patent infringement claim." The Court considered each, and the Court did not find the case to be exceptional.

On remand, the Court afforded the parties an opportunity to submit memoranda that addressed Menard, Kmart, and Fingerhut's request for fees in light of *Highmark* and *Octane Fitness*. Menard, Kmart, and Fingerhut submitted a memorandum that essentially repeated the one that they had submitted in September 2013, including arguments on issues that are not before the Court on remand. Aviva argued that the Court should reaffirm its prior decision under the standards announced in *Highmark* and *Octane Fitness*.

Although *Octane Fitness* and *Highmark* altered the standards used to determine whether a case is exceptional under § 285 and to review such determinations, nothing about the changes wrought by *Octane Fitness* and *Highmark* leads the Court to reach a

3

conclusion different from the one it reached in February 2014.  In its initial examination of the points urged by the three defendants, the Court was not in search of a precise rule or formula.  Sometimes a court's decision depends heavily on applying a particular standard, but this was not such a time.  In fact, the Court recognized that the applicable standard was under review by the Supreme Court.  The finding of non-exceptionalness, so to speak, seemed equitable then.  It still does.  Considering the totality of the circumstances, the Court concludes that nothing about this case stands out from others with respect to the substantive strength of Aviva's litigating position or the manner in which Aviva litigated the case.  Insofar as Fingerhut, Menard, and Kmart sought fees under § 285, the Court finds that the case is not exceptional.  The Court denies their request for fees under § 285.

The Clerk of Court shall send a copy of this Order to the United States Court of Appeals for the Federal Circuit.

IT IS SO ORDERED.

Dated: January 27, 2015

        s/Joan N. Ericksen
        JOAN N. ERICKSEN
        United States District Judge