UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Aviva Sports, Inc.,

       Plaintiff,

v.                                                                    Civil No. 09-1091 (JNE/FLN)
                                                                      ORDER
Fingerhut Direct Marketing, Inc., Menard, Inc.,
Kmart Corporation, Wal-Mart Stores, Inc., and
Manley Toys, Ltd.,

       Defendants.

      The Court entered judgment in favor of Aviva Sports, Inc., and against Manley

Toys, Ltd., in the amount of $8,588,931.59.  The amount comprised a portion of Manley

Toys' profits from its falsely advertised products, an award under the Lanham Act of

Aviva Sports' attorneys' fees and costs, and previously ordered sanctions against Manley

Toys.  Manley Toys appealed.  The United States Court of Appeals for the Federal

Circuit affirmed.

      In September and October 2015, Aviva Sports, now known as ASI, Inc., served

discovery requests on Manley Toys.  Manley Toys did not respond.  Aviva Sports moved

to compel Manley Toys to answer the discovery requests.  In an Order dated January 4,

2016, the Honorable Janie S. Mayeron, United States Magistrate Judge, granted the

motion to compel and ordered Manley Toys to serve its responses to Aviva Sports' First

Set of Requests for Production in Aid of Execution and First Set of Interrogatories in Aid

of Execution "on or before January 29, 2016, or within ten days after the date it receives

a copy of this Order via U.S. mail, Certified Mail or Federal Express, whichever event occurs earlier."  Manley Toys failed to comply.

In February 2016, Aviva Sports moved for sanctions against Manley Toys.  The next month, foreign representatives of Manley Toys filed a Chapter 15 Petition for Recognition of a Foreign Proceeding in the United States Bankruptcy Court for the District of New Jersey.  The bankruptcy court provisionally granted relief, including a stay of continued litigation against Manley Toys.  In late March 2016, the Court cancelled the hearing on Aviva Sports' motion for sanctions.  Several months later, in light of the ongoing proceedings before the bankruptcy court, the Court denied Aviva Sports' motion for sanctions without prejudice to the motion's renewal at an appropriate time.

On October 25, 2016, the bankruptcy court granted in part and reserved in part Aviva Sports' Motion for Relief from Provisional Stay.  The bankruptcy court stated in part:

> 5.      Aviva is granted relief from the Provisional Stay to seek liquidation of the dollar amount of monetary sanctions against Manley in the Minnesota Action for violating the Minnesota Federal Court's post-judgment discovery orders, provided that Aviva will not seek to execute at this time on assets held in Manley's name.

> 6.      The Provisional Stay does not apply, or is lifted to the extent it does apply, to requests for monetary, injunctive, or other sanctions against any person or entity, except Manley or the Liquidators (pending further order of the Court, as set forth below), for the person's or entity's involvement in violations of the Minnesota Federal Court's post-judgment discovery order or to compel compliance with such orders.

> . . . .

2

10.     The Court reserves judgment on all relief requested in Aviva's Motion for Relief from Provisional Stay not specifically addressed herein, including:

a.     Whether Aviva may take post-judgment discovery from Manley or the Liquidators concerning the Manley Judgment . . . ;

b.     Whether Aviva may request from courts in the United States relief from Manley or the Liquidators to help ensure the preservation of evidence relating to the Manley Judgment . . . ;

c.     Whether Aviva may seek injunctive sanctions against Manley for violating the Minnesota Federal Court's post-judgment discovery orders or to compel compliance with such orders;

d.     Whether Aviva may file and prosecute motions in the Minnesota Action or elsewhere, including but not limited to motions to amend the complaint and/or the judgment in the Minnesota Action, to hold Toy Quest Ltd., and/or other affiliates or agents of Manley or Toy Quest Ltd., liable for the Manley Judgment;

e.     Whether Aviva . . . may assert claims in any appropriate forum that Toy Quest Ltd., and/or other affiliates or agents of Manley, Manley Toy Direct, or Toy Quest Ltd., are alter egos of Manley, and whether the Liquidators are estopped from arguing that this Chapter 15 proceeding or the Hong Kong "liquidation" prohibit, limit, or otherwise affect such alter ego claims; and

f.     Whether Aviva . . . may assert non-independent claims, including but not limited to fraudulent transfer, unjust enrichment, conversion, and money had and received claims, in any appropriate forum against Toy Quest Ltd., and/or other affiliates or agents of Manley, Manley Toy Direct, or Toy Quest Ltd.

Approximately one month after the bankruptcy court granted in part and reserved in part Aviva Sports' motion for relief from the provisional stay, Aviva Sports filed a Motion for Injunctive and Monetary Sanctions in this Court.  Aviva Sports' motion states:

Judgment Creditor ASI Inc., f/k/a Aviva Sports Inc. ("Aviva") respectfully moves this Court to hold Judgment Debtor Manley Toys Ltd.

("Manley") and certain persons and entities affiliated with Manley—
Samson Chan (a/k/a Chan Ming Yiu), Alan Chan (a/k/a Chan Siu Lun),
Brian Dubinsky, Toy Quest Ltd., and Aquawood LLC (collectively, the
"Controllers")—in civil contempt for willfully violating this Court's
January 4, 2016 order requiring Manley to respond to Aviva's discovery
requests (the "Discovery Order").

Specifically, Aviva asks this Court to enter an Order that:

- Enjoins the Controllers and any of their intermediaries,
  affiliates, subsidiaries, or parent companies (except Manley
  itself) from selling, importing, distributing, or shipping any
  product into the United States until this Court orders that its
  Discovery Order or the Judgment has been fully satisfied;

- Finds that Manley and the Controllers are jointly and
  severally liable for Aviva's attorneys' fees and costs of
  $833,452.50, which represent the value of Aviva's attorneys'
  time ($722,588.50) and costs ($110,864.00) from the date on
  which Manley was obligated under Federal Rule of Civil
  Procedure 34 to respond to the discovery requests that were
  the subject of this Court's Discovery Order (November 2,
  2015) through the date on which the United States
  Bankruptcy Court for the District of New Jersey (the
  "Bankruptcy Court") stayed this action (March 24, 2016), and
  further requiring the Controllers to pay such amount;

- Finds that the Controllers are jointly and severally liable for
  additional attorneys' fees and costs of $1,025,397.07, which
  represent the value of Aviva's attorneys' time ($953,568.25)
  and costs ($71,828.82) from the date on which the
  Bankruptcy Court stayed this action (March 24, 2016) to the
  present, and further requiring the Controllers to pay such
  amount; and

- Requires the Controllers to pay a daily sanction of $6,389.59
  to compensate Aviva for its ongoing attorneys' fees and costs,
  as well as to coerce compliance with this Court's Discovery
  Order.

In the memorandum of law in support of its motion, Aviva Sports "respectfully

request[ed] the opportunity to supplement the record with more detailed evidence of the

amount and reasonableness of its attorneys' fees in the event that the Court determines that an award of attorneys' fees and costs is appropriate."

Manley Toys did not respond to Aviva Sports' motion. Samson Chan, Alan Chan, Brian Dubinsky, Toy Quest Ltd., and Aquawood LLC opposed the motion.

To avoid piecemeal litigation and to promote judicial economy, the Court denies without prejudice Aviva Sports' motion in light of the partial reservation of Aviva Sports' motion for relief from the provisional stay, as well as its request to supplement the record. *See Dietz v. Bouldin*, 136 S. Ct. 1885, 1891 (2016) ("[A] district court possesses inherent powers that are 'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'"); *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance."). The hearing on January 27, 2017, is cancelled. Aviva Sports shall inform the Court of the bankruptcy court's ruling on the reserved issues.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1.   Aviva Sports' motion for sanctions [Docket No. 961] is DENIED without prejudice.

2.   The hearing on January 27, 2017, is cancelled.

3.      Aviva Sports shall inform the Court of the bankruptcy court's ruling on the reserved issues.

Dated: January 23, 2017

s/Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge